IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK DAVIS, | : | |
|     Petitioner, | : | |
| | : | |
| V. | : | No. 5:14-CV-272 (CAR) |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| GLEN JOHNSON, | : | |
|     Respondent. | : | |
| | : | |

**ORDER ON UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 52] to dismiss Petitioner Mark Davis' 28 U.S.C. § 2254 petition [Doc. 1]. This Court has fully considered the record in this case and made a *de novo* determination of the portions of the Recommendation to which Petitioner objects. Having done so, the Court finds Petitioner's Objection [Doc. 60] to be without merit and agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation thoroughly addresses all of Plaintiff's objections, and the Court need not restate those findings here. Thus, Petitioner's Motion the Recommendation [Doc. 52] is **HEREBY ADOPTED AND MADE THE ORDER OF THIS COURT**, and the petition [Doc. 1] is **DISMISSED**.

The Court now addresses the following currently pending Motions: Petitioner's Motion to Amend Exhibits [Doc. 37]; Motions for Evidentiary Hearing [Docs. 46 & 49]:

1

Request for an "Immediate Discharge from Custody" [Doc. 40]; and Motion to Amend Indictment and Jury Minutes as Evidence [Doc. 50].

On July 27, 2015, Petitioner filed a Motion to Amend Exhibits [Doc. 37] in which he submitted several documents purporting to be from the Lowndes County Clerk of Court.  Petitioner argues the exhibits demonstrate the Lowndes County Clerk of Court sent the October 19, 2013 decision denying his state habeas action to the wrong location. Petitioner further asserts that he did not receive the order until after the thirty day period for seeking a certificate of probable cause to appeal the decision expired. According to Petitioner, this constitutes cause for his failure to comply with state procedural law.  Petitioner's Motion to Amend Exhibits [Doc. 37] is **GRANTED**.

Nevertheless, the "cause and prejudice" analysis remains unchanged.  As discussed in the Report and Recommendation, Petitioner has the burden of establishing cause and prejudice for his procedural default.  The two documents submitted in his Motion to Amend Exhibits purport to show that he was sent the state habeas decision on October 24, 2013, and on December 4, 2013. Petitioner argues the October 24, 2013 order was sent to Valdosta State Prison, although Petitioner had previously been transferred to Ware State Prison in Waycross.  Petitioner further argues by the time he received the copy sent on December 4, 2013, the time for seeking a certificate of probable cause to appeal the decision had already expired.  The two documents submitted by Plaintiff do not contain filing stamps from the clerk of court, and the

2

signature line has been altered.[1] There is no indication these exhibits are what Petitioner asserts they are. Even if these documents are authentic, however, Petitioner has failed to demonstrate that he did not receive the first copy or some other copy prior to the deadline for seeking a certificate of probable cause to appeal. Therefore, he has failed to demonstrate cause for failure to comply with state procedural law.

On September 1, 2015, and September 9, 2015, Petitioner filed Motions for an Evidentiary Hearing [Docs. 46 & 49]. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, factual determinations made by a state court are presumed to be correct but can be rebutted by clear and convincing evidence.[2] On the other hand, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim, unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.[3] After a careful review of the record and in light of the

---

[1] Mtn. to Amend Exhibits, [Doc. 37-1] Ex. 1-6, at pg 1 -2.
[2] 28 U.S.C. § 2254(e)(1).
[3] 28 U.S.C. § 2254(e)(2).

statement of facts presented herein, no evidentiary hearing is warranted in this case. Therefore, Petitioner's Motions for Evidentiary Hearing [Doc. 46; Doc 49] are **DENIED**.

On August 23, 2015, Petitioner filed a "Motion for Proposed Order for an Immediate Discharge from Custody" [Doc. 40]. As discussed above and in the Report and Recommendation, Petitioner's Writ for Habeas Corpus is denied, therefore, Petitioner's request for an "Immediate Discharge from Custody" [Doc. 40] is **DENIED**.

Finally, on September 11, 2015, Petitioner filed a "Motion to Amend Indictment and Jury Minutes as Evidence" [Doc. 50].[4] In this Motion, Petitioner rehashes arguments and complaints he previously presented in his original petition and multiple supplemental filings. These arguments were addressed in the Report and Recommendation, and "[u]nsubstantiated allegations of grand jury manipulation do not satisfy the particularized need standard" under Fed.R.Crim.P. 6.[5] Therefore, Petitioner's "Motion to Amend Indictment and Jury Minutes as Evidence" [Doc. 50] is **DENIED**.

Accordingly, Petitioner's Motion to Amend Exhibits [Doc. 37] is **GRANTED**; Motions for Evidentiary Hearing [Docs. 46 & 49] is **DENIED**; Request for an Immediate

---

[4] It appears that Petitioner seeks the release of Grant Jury testimony. The appropriate method for obtaining grand jury materials is through Rule 6(e) of the Federal Rules of Criminal Procedure. According to Rule 6, a court may authorize disclosure of grand jury materials "preliminary to and in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i). Petitioner does not seek disclosure under Rule 6, but the exception applies only when a party seeking grand jury material shows a "particularized need." *United States v. Gonzalez*, 452 F. App'x 844, 847 (11th Cir. 2011) (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222, n. 12 (1979)).

[5] *Gonzalez*, 452 F. App'x 844, 848 (11th Cir. 2011).

Discharge from Custody [Doc. 40] is **DENIED**; and Motion to Amend Indictment and Jury Minutes as Evidence [Doc. 50] is **DENIED**.  The Recommendation [Doc. 52] is **HEREBY ADOPTED AND MADE THE ORDER OF THIS COURT**, and the petition [Doc. 1] is **DISMISSED**.

    **SO ORDERED**, this 29th day of March, 2016.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL, JUDGE
                                          UNITED STATES DISTRICT COURT